IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,                                  ORDER

    v.                                                04-cr-59-bbc-01

JAMES T. SCHLIFER,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of James T. Schlifer's supervised release was held on April 17, 2012, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Paul W. Connell. Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U. S. Probation Officer Traci L. Jacobs.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on September 2, 2004, following his conviction for conspiracy to manufacture methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 120 months, with a 36-month term of supervised release to follow.

Defendant was re-sentenced on remand on July 20, 2005, to a term of imprisonment of 120 months, with a 36-month of supervised release to follow.

Defendant began his term of supervised release on December 16, 2011.

Defendant violated Special Condition No. 1, requiring him to abstain from the use of alcohol and illegal drugs and from associations with drug users and sellers, when on February 20, February 22, and February 24, 2012, he smoked crack cocaine. Further evidence that he violated Special Condition No. 1 includes sweat patches collected from him on March 1 and March 8, 2012, both of which tested positive for cocaine.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release, or modify the conditions of supervision upon a finding of a Grade C violation. However, 18 U.S.C. § 3583(g)(4), requires mandatory revocation if a defendant tests positive for illegal controlled substances more than three times over the course of one year.

## CONCLUSIONS

Defendant's violations require revocation. Accordingly, the 36-month term of supervised release imposed on September 2, 2004, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation, he has an advisory guideline term of imprisonment of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may

not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range with additional conditions of supervised release. The intent of this sentence is to hold defendant accountable for his violations while providing him an opportunity to remain in the community to address his treatment needs.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 2, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of one day. I order that one day of credit be given for defendant's appearance today. A 24-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following conditions:

> Special Condition No. 7: "Spend up to 90 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment, and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer."

> Special Condition No. 8: "Defendant shall participate in the Court Intervention Program which will involve informal contact with the

> Court, Federal Defender's Office, and U.S. Attorney's Office through teleconference, video conference, or face to face meetings as approved by the supervising U.S. probation officer."

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 17th day of April 2012.

BY THE COURT:

/s/
BARBARA B. CRABB
U.S. District Judge