IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                      ORDER

        v.                            04-cr-59-bbc-1

JAMES T. SCHLIFER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of James T. Schlifer's supervised release was held on August 20, 2012, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Peter M. Jarosz. Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U. S. Probation Officer Michael Harper.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on September 2, 2004, following his conviction for conspiracy to manufacture methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 120 months, with a 36-month term of supervised release to follow.

Defendant was re-sentenced on remand on July 20, 2005, to the same sentence as previously imposed.

Defendant began his first term of supervised release on December 16, 2011. On April 17, 2012, this term of supervised release was revoked after defendant continued to use crack cocaine. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of one day, with credit for his court appearance. A two-year term of supervised release was ordered to follow with the addition of special conditions (a 90-day residential reentry center placement and participation in the Court Intervention Program). Defendant began his second term of supervised release on April 17, 2012.

Defendant violated Special Condition No. 1, requiring him to abstain from the use of alcohol and illegal drugs and from association with drug users and sellers when he consumed alcohol on July 19, 2012; injected methamphetamine on July 20, 2012; and injected heroin on July 21, 2012. Also on July 21, 2012, he associated with Silver Martin and Randall Read, two known drug users. Further evidence that he violated Special Condition No. 1 includes a urine specimen collected from him on July 23, 2012, which tested positive for cocaine and methamphetamine.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation, but his recent response to psychotropic medications suggest that an alternative response may be appropriate. Accordingly, the 24-month term of supervised release imposed on April 17, 2012, will be continued, with a modification of the conditions of his supervised release.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on April 17, 2012, is CONTINUED, with the addition of the following condition:

> Special Condition No. 9: Participate for a period of up to 90 days in a home detention program that may include electronic monitoring. Defendant shall not be responsible for the cost of electronic monitoring.

Entered this 20th day of August 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3