IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,                        ORDER

     v.                                04-cr-59-bbc-1

JAMES T. SCHLIFER,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of James T. Schlifer's supervised release was held on January 11, 2013, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Paul W. Connell. Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on September 2, 2004, following his conviction for conspiracy to manufacture methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 120 months, with a 36-month term of supervised release to follow.

Defendant was re-sentenced on remand on July 20, 2005, to a term of imprisonment of 120 months, with a 36-month term of supervised release to follow.

Defendant began his first term of supervised release on December 16, 2011. On April 17, 2012, this term of supervised release was revoked following defendant's continued use of crack cocaine. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of one day, with credit for his court appearance. A two-year term of supervised release was ordered to follow with the addition of special conditions ordering a 90-day residential reentry center placement and participation in the Court Intervention Program.

Defendant began his second term of supervised release on April 17, 2012. On August 20, 2012, a judicial review hearing was held in response to defendant's association with known drug users and his use of alcohol, heroin, and methamphetamine. Defendant's conditions of supervised release were modified to include a 90-day period of home confinement.

Now defendant has violated Special Condition No. 1, requiring him to abstain from the use of alcohol and illegal drugs and from associations with drug users and sellers and participate in substance abuse treatment and testing. On November 28, 2012, it was discovered that the defendant had removed the sweat patch applied on November 19, 2012, and therefore the sweat patch could not be submitted to the laboratory for testing. Further evidence that defendant violated Special Condition No. 1 includes his admission on January 4, 2013 that he had injected cocaine on November 28, 2012. This admission is

supported by sweat patch results from the patch removed on December 10, 2012 that tested positive for cocaine.

Defendant violated Standard Condition No.1, restricting him from leaving the district without authorization when he left his approved destination of Alabama on December 18, 2012, and traveled to Florida.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 24-month term of supervised release imposed on April 17, 2012, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation, defendant has an advisory guideline range of imprisonment of 8 to 14 months. Pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is 24 months because the offense is a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the bottom of the guideline range. The intent of this sentence is to hold defendant accountable for his violations and to deter him from future criminal behavior.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant James T. Schlifer on April 17, 2012, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of eight months. No term of supervised release shall follow.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment only is stayed until February 6, 2013, between the hours of 10:00 a.m. and noon, when defendant is to report to an institution to be designated by further court order. The present release conditions are continued until February 6, 2013.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 11th day of January 2013.

BY THE COURT:

/s/
BARBARA B. CRABB
U.S. District Judge